■ CANDICE WATKINS et al., Appellants, v NORMAN R. GRUTMAN et al., Respondents.—Order, Supreme Court, New York County (William J. Davis, J.), entered on or about May 23, 1990, which denied plaintiffs' motion for a default judgment without prejudice and granted defendants' cross motion to dismiss the complaint pursuant to CPLR 327, on the ground of forum non conveniens, on condition that defendants consent to the jurisdiction of the Virginia State courts, unanimously modified, on the law and the facts and in the exercise of discretion, and the cross motion to dismiss on the ground of forum non conveniens denied and the plaintiffs directed to accept the answer of the defendants. As so modified, the order is otherwise affirmed, without costs.

Plaintiff, a Virginia resident, underwent surgery there to replace her arthritic knee with a prosthetic artificial knee. It is alleged that the wrong type of device was inserted, necessitating a second and third procedure, resulting in the amputation of the leg.

A contingency retainer agreement was entered into with the defendants for medical malpractice litigation. Claim letters were sent to prospective defendants but no action was taken until the Virginia Statute of Limitations had expired. The plaintiff, together with her daughter, also a Virginia resident,

who holds a power of attorney from the mother, brings this action for legal malpractice.

The legal malpractice seems obvious. There are only two issues for us. The first is that, although the plaintiffs might be entitled to a default judgment, because the process server had not filed an affidavit of substituted service, service was not complete within the time the plaintiffs contend and thus we are unanimous in finding that the IAS court properly denied the motion for a default judgment without prejudice. There remains the question of the proper forum for the trial of this action. Inasmuch as the defendants accepted this case in New York, the retainer agreement was signed in New York and the defendants are New York lawyers, New York would seem a proper forum. Moreover, the injured plaintiff is 85 years old and there should be no further delay in proceeding with this action. A transfer to Virginia would unnecessarily require starting all over. Concur—Kupferman, J. P., Ellerin, Smith and Rubin, JJ.

Wallach, J., concurs in a memorandum as follows: I concur in the result reached by the majority. While factors such as the Virginia residence of plaintiff, and the locus in that State of all acts of alleged medical malpractice, would ordinarily militate in favor of litigation in that forum, defendants, who are New York residents, are hardly in a posture to contend that litigation in New York would impose an undue burden on them. The undisputed circumstances of defendants' retainer by plaintiff present elements of estoppel which would preclude such a stance. Discovery is available to defendants to depose the Virginia witnesses. The prejudice to this elderly plaintiff incident to a transfer of this litigation to a sister State tips the scales of discretion against defendants' application for forum non conveniens dismissal.